**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHANGMIN JIANG,

        Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

        Respondent.

No.   16-71241

Agency No. A200-252-249

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 12, 2019[**]
Pasadena, California

Before: CALLAHAN, FISHER,[***] and R. NELSON, Circuit Judges.

Petitioner Changmin Jiang petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ")

denial of his application for asylum and withholding of removal and his request for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

protection under the Convention Against Torture ("CAT").[1]  Petitioner, a Chinese citizen, was arrested by police officers while attending a Christian home-church gathering in China, detained for five days, interrogated, and beaten.  Petitioner was released on conditions that he pay a bail bond, not attend home-church gatherings or contact home-church members, report to the police on a weekly basis, and during those reporting sessions, report his weekly activities.  After reporting 12 to 13 times, Petitioner fled China to the United States.

"We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (internal quotation marks omitted).  "We may reverse the decision of the [BIA] only if the applicant shows that the evidence *compels* the conclusion that the asylum decision was incorrect."  *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006).

1.  Petitioner contends that the BIA's determination that he is ineligible for asylum based on his past persecution and well-founded fear of future persecution is not supported by substantial evidence.

In *Guo v. Sessions*, 897 F.3d 1208, 1211 (9th Cir. 2018), we recently held

---

[1] Petitioner does not contest the BIA's denial of his petition for withholding of removal in this petition.

that substantial evidence compelled a finding of past persecution in circumstances that are substantially similar to these. Like here, the petitioner in *Guo* was arrested while attending Christian home-church services, slapped in the face and beaten during an interrogation, detained for a period of days, and released only upon payment of a bond. *Id.* The petitioner's conditions of release prohibited him from attending home-church gatherings, required him to report to the police weekly, and subjected him to arrest for violating either release condition. *Id.* Given these similarities, *Guo* controls the outcome of this petition for review. "[T]he evidence compels a finding of past persecution, thus requiring us to remand this case to the BIA in order for it to apply the presumption of future persecution." *Id.* at 1213.

2. Petitioner also contends that the BIA erred in denying CAT relief. "To qualify for CAT relief, a petitioner must establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Id.* at 1217 (internal quotation marks omitted). "Torture is defined, in part, as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for any reason based on discrimination of any kind." *Id.* (internal quotation marks and ellipses omitted). "This concept is more severe than persecution." *Id.* (internal quotation marks and ellipses omitted).

Substantial evidence supports the BIA's determination that Petitioner is not "more likely than not" to be tortured if removed to China. Like in *Guo*, Petitioner

3

contends that he will be arrested if he is returned to China. *See id.* While Petitioner testified that his wife, who remained in China, informed him that police have visited the family home five to six times since he came to United States and threatened "more serious consequences" if he did not return, police have not visited his home since December 2012. Thus, we find Petitioner has not "provide[d] the substantial evidence . . . necessary to overcome the BIA's conclusion that he has not demonstrated a likelihood of being tortured in China," and we therefore deny his petition for CAT relief. *Id.*

We **GRANT** the petition for review in part as to the asylum claim and **REMAND** to the BIA for it to apply the presumption of future persecution. We **DENY** the petition in part as to the CAT claim. The parties shall bear their own costs on appeal.